***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 27, reversed and remanded for entry of a judgment omitting allegations A(2) and B(3) as bases for jurisdiction December 29, 2022

In the Matter of G. J. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

G. J. L.,
*Respondent,*

*v.*

K. L. L.,
*Appellant.*

Clatsop County Circuit Court
22JU00659; A178607 (Control)

In the Matter of N. M. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

N. M. L.,
*Respondent,*

*v.*

K. L. L.,
*Appellant.*

Clatsop County Circuit Court
22JU00660; A178608

Beau V. Peterson, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent children.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Reversed and remanded for entry of a judgment omitting allegations A(2) and B(3) as bases for jurisdiction.

**JAMES, P. J.**

In these consolidated juvenile dependency cases, mother appeals judgments of the juvenile court taking jurisdiction over her two children, ages five and approximately 18 months, on several bases under ORS 419B.100(1)(c). In 20 assignments of error, mother challenges all the bases for jurisdiction as to herself and as to father. She contends that the Department of Human Services (DHS) failed to "prove, by a preponderance of the evidence, that [her children's] welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child[ren] that is reasonably likely to be realized." *Dept. of Human Services v. T. B.-L.*, 320 Or App 434, 440, 514 P3d 131 (2022) (internal quotation marks omitted). As explained below, as to the allegations that jurisdiction was justified because mother and father exposed each child to domestic violence, we agree with mother that the evidence was insufficient to support the theory on which the juvenile court took jurisdiction. As to the other bases on which the juvenile court took jurisdiction, having reviewed the record, we conclude that the court did not err. Accordingly, we reverse and remand for entry of a judgment omitting allegations A(2) (regarding mother) and B(3) (regarding father) as bases for jurisdiction.

The court based its conclusion regarding domestic violence on an incident of domestic violence that occurred between parents in their bedroom, which was across a hallway from the children's bedroom, where the children were sleeping.[1] The distances involved were short; the children's bedroom was approximately six feet from parents' room. A

---

[1] DHS contends, briefly, that the domestic violence allegation can be sustained based on incidents between each parent and one of the children. However, below, the parties, and the juvenile court, understood the domestic violence allegation to be based solely on domestic violence between parents. Thus, that is the theory that we address on appeal.

We do not understand the court to have relied on two other incidents of domestic violence that took place over the course of the seven-year duration of parents' relationship. One of those occurred while the children were with a babysitter. The third, and oldest—it took place more than five years before the trial—took place while mother was pregnant with the older child. In any event, because that incident was remote in time and any risk posed to a child in that incident was dramatically different from the kinds of risks that could now befall them, that incident does not show any current "conditions or circumstances that involve

police officer, among others, testified that, shortly after the incident, he looked into the children's bedroom and the children were asleep.

During the incident, each parent hit the other, and father choked mother. Each parent had some mild bruising and scratches as a result. The court found that, in light of the fact that parents' roommate heard the incident from the other end of the mobile home and came to break it up, the children likely heard the incident. The court found that the behavior of one of the children changed for the worse around that time, suggesting that he had heard the incident, and that he had described the incident to his teacher in general terms—saying that his father had "done something very bad" to his mother. Relying on our holding in *Dept. of Human Services v. T. J.*, 302 Or App 531, 539, 462 P3d 315 (2020), the court reasoned that a "child doesn't actually have to be aware [of domestic violence between the parents] if there are other risks" to the child from the conduct. Here, the court reasoned, as in *T. J.*, "the fight easily could have spilled into the hallway and into the kids' room in—in their state of fighting with each other and the parents likely would not have necessarily noticed." Accordingly, the court took jurisdiction based on the domestic violence allegations.

Thus, we understand the court's reasoning to at least potentially rely on two theories: First, the court found that the children were exposed to the incident by hearing it, and perhaps found that that exposure supported jurisdiction. The problem with that reasoning—to the extent that the court relied on it—is that DHS did not establish any nexus between that exposure and the necessary "threat of serious loss or injury to the children" in this case. *T. B.-L.*, 320 Or App at 441. *Accord Dept. of Human Services v. A. J. G.*, 304 Or App 221, 229-30, 465 P3d 293, *rev den*, 366 Or 826 (2020) (concluding that DHS had established the necessary nexus where the child had "observed 'ongoing incidents of domestic violence and inappropriate behavior'" and "[a] DHS caseworker testified that children exposed to domestic violence can be 'physically harmed in that instance and they

being threatened with serious loss or injury." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 20, 383 P3d 931 (2016) (internal quotation marks omitted).

can also be emotionally and mentally affected by those situations that can affect their developmental status'"); *see also T. B.-L.*, 320 Or App at 442 (distinguishing *A. J. G.* where the children had witnessed domestic violence incidents but DHS had not proved the necessary nexus between that exposure and that of serious loss or injury to the children).

Second, the court reasoned that the incident demonstrated the requisite risk of harm to the children because the incident could have physically injured them if parents' fight had moved from their bedroom, across the hall, through the children's door, and into their room. *See T. J.*, 302 Or App at 533, 539 (affirming jurisdiction where the four-month-old child had been asleep in an apartment during an incident in which the father seriously injured the mother, broke a window and other items, and left the apartment "in general disarray"; noting that both parents had been so intoxicated that they could not remember key parts of the incident and reasoning that the child was at risk because the parents' altercation could have "escalated and spilled into [the child's] area of the small apartment"). However, on this record, any risk of physical harm to the children from parents' fight, which was confined to their own bedroom, across the hall from the children's closed door, is speculative. Parents were not intoxicated, and there was no indication that their fight was likely to or could have moved outside of their bedroom. *See T. B.-L.*, 320 Or App at 442 (distinguishing *T. J.* and concluding that any risk of physical harm to the children, who had been present for and witnessed domestic violence between the parents, was speculative on the record in *T. B.-L.*).

In sum, on this record, the evidence did not show that the children's "conditions or circumstances involve[d] being threatened with serious loss or injury" by parents' domestic violence against each other. *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 20, 383 P3d 931 (2016) (internal quotation marks omitted). Thus, jurisdiction was not appropriate on that basis.

Reversed and remanded for entry of a judgment omitting allegations A(2) and B(3) as bases for jurisdiction.